# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| AMERICAN PATENTS, LLC | § | |
| | § | |
| v. | § | Civil Action No.  4:20-cv-903 |
| | § | Judge Mazzant |
| ALTICE USA, INC., CSC HOLDINGS, | § | |
| LLC d/b/a OPTIMUM-CABLEVISION, | § | |
| CEQUEL COMMUNICATIONS, LLC d/b/a | § | |
| SUDDENLINK COMMUNICATIONS, | § | |
| AIRTIES KABLOSUZ ILETISM SANAYI | § | |
| VE DIS TICARET ANONIM SIRKETI, | § | |
| CHARTER COMMUNICATIONS, INC., | § | |
| and SPECTRUM GULF COAST, LLC | § | |
| | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Defendant Charter Communications, Inc.'s and Spectrum Gulf Coast, LLC's Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. #71).  Having considered the Motion and relevant pleadings, the Court finds that it should be **DENIED**.

## BACKGROUND

On November 23, 2020, American Patents, LLC ("American Patents") sued Altice USA, Inc., CSC Holdings, LLC d/b/a Optimum-Cablevision, Cequel Communications, LLC d/b/a Suddenlink Communications, Airties Kablosuz Iletism Sanayi Ve Dis Ticaret Anonim Sirketi, Charter Communications, Inc., and Spectrum Gulf Coast, LLC (Dkt. #1).  On February 11, 2021, American Patents filed a First Amended Complaint (Dkt. #54).

On April 5, 2021, Charter Communications, Inc. ("Charter") and Spectrum Gulf Coast, LLC ("Spectrum") moved to dismiss the First Amended Complaint (Dkt. #71).  On April 19, 2021, American Patents responded (Dkt. #73).  On April 26, 2021, Charter and Spectrum replied (Dkt. #74).

**LEGAL STANDARD**

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012).  The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).  The Court must then determine whether the complaint states a claim for relief that is plausible on its face.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion.  First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556

U.S. at 664.  Second, the Court "consider[s] the factual allegations in [the complaint] to determine

if they plausibly suggest an entitlement to relief."  *Id.*  "This standard 'simply calls for enough

facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims

or elements.'"  *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted).  This

evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense."  *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* at 678 (quoting

*Twombly*, 550 U.S. at 570).

## ANALYSIS

After reviewing the Motion, the pleadings, and briefing, the Court finds that Plaintiff has

stated plausible claims for purposes of defeating a Rule 12(b)(6) motion.

## CONCLUSION

It is therefore **ORDERED** that Defendant Charter Communications, Inc.'s and Spectrum

Gulf Coast, LLC's Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. #71) is hereby

**DENIED**.

**SIGNED this 27th day of April, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

3